UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SOLOMON SYSTEMS, INC.<br><br>Plaintiff,<br><br>v.<br><br><br>THE DISTRICT OF COLUMBIA; MURIEL BOWSER, MAYOR, ACTING IN AN OFFICIAL CAPACITY; WAYNE TURNAGE, DIRECTOR, DISTRICT OF COLUMBIA DEPARTMENT OF HEALTH CARE FINANCE, ACTING IN AN OFFICIAL CAPACITY; AND THE CHESAPEAKE REGIONAL INFORMATION SERVICE FOR OUR PATIENTS, DC<br><br><br>Defendants. | **COMPLAINT**<br>**DEMAND FOR JURY TRIAL** |

Plaintiff Solomon Systems, Inc. ("Plaintiff" or "Solomon Systems") files this Complaint against the District of Columbia (the "District"), Muriel Bowser, Mayor, acting in an official capacity, Wayne Turnage, Director, the District of Columbia Department of Health Care Finance, acting in an official capacity (collectively, the "District of Columbia") and the Chesapeake Regional Information Services for our Patients, DC ("CRISP DC") (collectively the "Defendants"), for infringement of U.S. Patent Nos. 10,186,330 (the "'330 Patent"), 10,269,451 (the "'451 Patent") and 10,418,131 (the "'131 Patent")( collectively the "Asserted Patents").

## THE PARTIES

1.      Plaintiff Solomon Systems is a Maryland-incorporated company with a principal place of business at Springdale, Maryland, 20774.

2.      Upon information and belief, Defendant District of Columbia is a government entity located at 441 4th Street NW, Washington, DC 20001.

3.      Defendant Muriel Bowser, as Mayor of the District of Columbia, is the chief executive officer of the District, D.C. Code § 1-204.22, and is responsible for the District's compliance with federal law. Id. § 1-204.22(11). Defendant Bowser supervises the official conduct of all District administrative boards, offices, and agencies, including the Department of Health Care Finance ("DHCF"). Id. § 1-204.22(4). She appoints the directors of the DHCF. Id. §§ 7-771.04, 7-1141.03(1). Defendant Bowser is sued acting in an official capacity.

4.      Defendant Wayne Turnage, is the Director of the DHCF, the District agency responsible for the administration of the District's Medicaid program. D.C. Code§ 7-771.07. Defendant Turnage supervises and directs DHCF's operations, including receiving, managing, and disbursing funds for various programs, including Medicare and the Health Information Exchange ("HIE") program. Id. § 7-771.05.  Defendant Turnage is sued acting in an official capacity.

5.      Defendant Chesapeake Regional Information Services for our Patients, DC ("CRISP DC"), is a regional HIE program serving the District of Columbia. http://dc.crisphealth.org/#home-page.  The mission of CRISP DC is to "enable and support the healthcare community of the District and our region to appropriately and securely share data in order to facilitate care, reduce costs, and improve health outcomes." Id. CRISP DC has offices at 1200 G Street NW, Suite 851, Washington, DC, 20005.  http://dc.crisphealth.org/contact-us/.

**JURISDICTION AND VENUE**

6.     Plaintiff brings this action for patent infringement under the laws of the United States, including 35 U.S.C. §§ 271, 281 and 284-285. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a) and (b) and 1367.

7.     Defendants are subject to this Court's specific and general personal jurisdiction pursuant to due process, due at least to their substantial business in the District of Columbia and this judicial district, including: committing acts of infringement in this judicial district as described herein; and regularly conducting or soliciting business, engaging in other persistent conduct, and/or deriving substantial revenue from goods and products sold and services provided to District of Columbia residents.

8.     Venue is proper pursuant to 28 U.S.C. § 1400(b) because a substantial part of the events or omissions giving rise to the claims herein occurred in this district, and because all Defendants named herein maintain offices in and have a regular and established place of business in this district.

**BACKGROUND FACTS**

9.     Solomon Systems was founded in 2009 and is based in Springdale, Maryland. Solomon Systems engages in the development of systems and technologies that assist in the sharing of patient medical information with medical service providers.

10.     Solomon Systems recognized that patients may have difficulty effectively communicating medical information to medical service providers, such as nurses, doctors or emergency medical technicians ("EMT"). These difficulties can range from lack of understanding or education by the patient as to the medical information needed, incomplete information in the possession of the patient, or even the patient being physically incapable of communicating that information.

11.     To combat these problems, Solomon Systems developed systems and technologies that allow patient information to be shared with medical services providers as needed.

12.     Solomon Systems has invested substantial time, money and effort into creating, developing and protecting these and other products and methods.  These efforts have included obtaining patent protection for its inventions.

## THE '330 PATENT

13.     On January 22, 2019, United States Patent No. 10,186,330 (the "'330 Patent") titled "System for Providing Identification and Information, and for Scheduling Alerts" was issued. A true and accurate copy of the '330 Patent is attached hereto as Exhibit A and made a part thereof.

14.     Solomon Systems is the owner of the '330 patent, as evidenced by the assignment recorded on January 16, 2019 and is listed as an assignee on the face of the '330 patent.

15.     The '330 Patent claims its earliest priority to Application No. 13/270,672, which was filed on October 11, 2011.

16.     The '330 Patent incorporates by reference Application No. 15/173,331, Application No. 14/856,083 (now U.S Patent No. 9,390,231), Application No. 14/458,877 (now U.S. Patent No. 9,165,335), Application No. 13/917,374 (now U.S. Patent No. 8,833,649), Application No. 13/313,821 (now U.S. Patent No. 8,485,439) and Application No. 13/270,672 (now U.S. Patent No. 8,181,862).

17.     The technology described in the '330 Patent includes a device and system to provide identification and medical information of a patient to a healthcare provider.

18.     Each claim of the '330 Patent is presumed valid.

19.     Each claim of the '330 Patent is directed to patent eligible subject matter under 35 U.S.C. § 101.

## THE '451 PATENT

20.     On April 23, 2019, United States Patent No. 10,269,451 (the "'451 Patent") titled "System for Providing Identification and Information, and for Scheduling Alerts" was issued. A true and accurate copy of the '451 Patent is attached hereto as Exhibit B and made a part thereof.

21.     Solomon Systems is the owner of the '451 patent, as evidenced by the assignment recorded on December 6, 2017 and is listed as an assignee on the face of the '451 patent.

22.     The '451 Patent claims its earliest priority to Application No. 13/270,672, which was filed on October 11, 2011.

23.     The '451 Patent incorporates by reference Application No. 15/173,331, Application No. 14/856,083 (now U.S Patent No. 9,390,231), Application No. 14/458,877 (now U.S. Patent No. 9,165,335), Application No. 13/917,374 (now U.S. Patent No. 8,833,649), Application No. 13/313,821 (now U.S. Patent No. 8,485,439) and Application No. 13/270,672 (now U.S. Patent No. 8,181,862).

24.     The technology described in the '451 Patent includes a device and system to provide identification and medical information of a patient to a healthcare provider.

25.     Each claim of the '451 Patent is presumed valid.

26.     Each claim of the '451 Patent is directed to patent eligible subject matter under 35 U.S.C. § 101.

## THE '131 PATENT

27.     On September 17, 2019, United States Patent No. 10,418,131 (the "'131 Patent") titled "System for Providing Identification and Information, and for Scheduling Alerts" was

issued.  A true and accurate copy of the '131 Patent is attached hereto as Exhibit C and made a part thereof.

28.    Solomon Systems is the owner of the '131 patent, as evidenced by the assignment recorded on August 2, 2019 and is listed as an assignee on the face of the '131 patent.

29.    The '131 Patent claims its earliest priority to Application No. 13/270,672, which was filed on October 11, 2011.

30.    The '131 Patent incorporates by reference Application No. 15/817,688, Application No. 15/173,331 (now U.S. Patent No. 10,061,895), Application No. 14/856,083 (now U.S Patent No. 9,390,231), Application No. 14/458,877 (now U.S. Patent No. 9,165,335), Application No. 13/917,374 (now U.S. Patent No. 8,833,649), Application No. 13/313,821 (now U.S. Patent No. 8,485,439) and Application No. 13/270,672 (now U.S. Patent No. 8,181,862).

31.    The technology described in the '131 Patent includes a device and system to provide identification and medical information of a patient to a healthcare provider.

32.    Each claim of the '131 Patent is presumed valid.

33.    Each claim of the '131 Patent is directed to patent eligible subject matter under 35 U.S.C. § 101.

**INFRINGEMENT OF THE '330 PATENT BY DEFENDANTS**

34.    The Department of Health Care Finance ("DHCF") is the District of Columbia's state Medicaid agency. The District of Columbia website states that:

> The mission of the Department of Health Care Finance is to improve health outcomes by providing access to comprehensive, cost-effective and quality healthcare services for residents of the District of Columbia.

https://dhcf.dc.gov/page/about-dhcf

35.     Among other things, the DHCF works with CRISP DC to administer the DC

Health Information Exchange ("HIE"). The HIE helps connect health care stakeholders to

improve care delivery and outcomes.  More specifically:

> HIE provides some of the best tools to connect health system partners and gives providers
>
> the right information at the right time regardless of location, organization, or [electronic
>
> health records]. HIEs aggregate information from multiple sources and display specific
>
> health information for specific purposes to improve individual care, population health
>
> management, and the public's health.

https://dhcf.dc.gov/page/dc-hie

36.     The District of Columbia website includes animations showing how patients and

healthcare providers interact in the HIE system. These animations can be found at

https://www.himss.org/library/health-information-exchange/improving-patient-care.

37.     The HIE system allows a medical service provider to access patient information,

wherein the device is portable and comprises a first system, such as a tablet.



https://www.himss.org/library/health-information-exchange/improving-patient-care

38.     The device used in the HIE includes a readable code that contains medical biographical information of a subject. The medical biographical information, among other things, includes the patient's name, age and date of birth.



https://www.himss.org/library/health-information-exchange/improving-patient-care

39.     The medical biographical information from the HIE allows responders, such as a medical practitioner using the tablet, to obtain the subject's medical information in order to provide care.



https://www.himss.org/library/health-information-exchange/improving-patient-care

40.     A programmable reporter element, such as a graphical user interface on the tablet, is programmed to electronically store at least one particular event relating to the subject. By way of example, the one particular event may be a medical condition or a hospitalization.



https://www.himss.org/library/health-information-exchange/improving-patient-care

41.     The tablet has a signal producing element that functionally relates to the programmable reporter element.



https://www.himss.org/library/health-information-exchange/improving-patient-care

42.     The programmable reporter element is further programmed to provide a signal to the functionally related signal producing element to inform a user of the device of the at least one particular event relating to the subject. For example, information is provided about hospitalizations, prescriptions, etc., so that the user of the device, e.g., practitioner, is informed of the at least one particular event relating to the subject.



https://www.himss.org/library/health-information-exchange/improving-patient-care

43.     The programmable element is programmed by a second system, e.g., the HIE system.



https://www.himss.org/library/health-information-exchange/improving-patient-care

44.     The device, e.g., the tablet, is not linked to a medical sensor.



https://www.himss.org/library/health-information-exchange/improving-patient-care

45.     Based on information and belief, the records, as referred to by a medical practitioner in the HIE animation, contain stored information about a scheduled or past appointment.



https://www.himss.org/library/health-information-exchange/improving-patient-care

46.     Based on information and belief, the records, as referred to by a medical practitioner in the HIE animation, contain stored information about a scheduled or past medical appointment.



https://www.himss.org/library/health-information-exchange/improving-patient-care

47.  Based on information and belief, the records, as referred to by a medical practitioner in the HIE animation, contain stored information about scheduled or past medical appointments for at least one of a physical examination, a physical therapy session, a mental examination and a mental therapy session.



https://www.himss.org/library/health-information-exchange/improving-patient-care

48.  Based on information and belief, the records, as referred to by a medical practitioner in the HIE animation, contain stored information about a scheduled or past follow-up to a visit by the subject to a medical facility, such as a healthcare clinic.



https://www.himss.org/library/health-information-exchange/improving-patient-care

49.     The device, e.g., the tablet, has a reporter element that is programmed to issue a signal at a predetermined time prior to the at least one particular event. For example, the animation below shows the results of a signal that indicates the patient "should refill every month." Based on information and belief, once a refill occurs, it signals to the user of the tablet when the next refill needs to take place.



https://www.himss.org/library/health-information-exchange/improving-patient-care

50.    The device, e.g., the tablet, has a signal that repeats or remains until the subject fulfills the event and the reporter element is reset. For example, the animation below shows the results of a signal that indicates the patient "should refill every month." Based on information and belief, the signal repeats to the user of the tablet until the medication is refilled, and then resets to when the next refill needs to take place.



https://www.himss.org/library/health-information-exchange/improving-patient-care

51.    The device, e.g., the tablet, has a reporter element that is programmed to issue a signal at a predetermined time prior to the at least one particular event. For example, the animation below shows the results of a signal that indicates the patient "should refill every month." Based on information and belief, the medical practitioner using the tablet would reset the reporter element.



https://www.himss.org/library/health-information-exchange/improving-patient-care

52.     The medical biological information includes, among other things, at least the patient's name, date of birth, medical conditions, and medical records.







https://www.himss.org/library/health-information-exchange/improving-patient-care

53.    The device, e.g., the tablet, has a programmable reporter element that is programmed to be reset after the subject fulfills the event. For example, the animation below shows the results of a signal that indicates the patient "should refill every month." Based on information and belief, the signal is reset after the medication prescription is refilled.



https://www.himss.org/library/health-information-exchange/improving-patient-care

54.     As shown in paragraphs 34-53 above, the HIE contains all of the elements of at least claims 1-8, 10 and 16 of the '330 patent.

**INFRINGEMENT OF THE '451 PATENT BY DEFENDANTS**

55.     The HIE system provides a method that assists practitioners in identifying and providing appropriate care, where the method first involves collecting medical biographical information about the subject. The medical biographical information includes, among other things, the patient's name, age and date of birth.



https://www.himss.org/library/health-information-exchange/improving-patient-care

56. The collected medical biographical information, which includes the medical history of the subject, is stored in a database. By way of example, the medical history may include a medical condition or a hospitalization.



https://www.himss.org/library/health-information-exchange/improving-patient-care

57.     The method also permits adding the medical biographical information in a readable code of a portable device, such as a tablet. For example, the animation below shows that information about medical conditions or recent hospitalizations is sent to the device, e.g., the tablet. Based on information and belief, the medical biographical information may also be updated via the practitioner using the device. The device, e.g., the tablet is not linked to a medical sensor.





https://www.himss.org/library/health-information-exchange/improving-patient-care

58.     The medical biographical information is displayed, such as on the tablet.



https://www.himss.org/library/health-information-exchange/improving-patient-care

59.     A programmable reporter element, such as a graphical user interface on the tablet, is programmed to electronically store at least one particular event relating to the subject. The tablet also has a signal producing element that is functionally connected to the programmable

reporter element and is part of the tablet. By way of example, the one particular event may be a medical condition or a hospitalization.



https://www.himss.org/library/health-information-exchange/improving-patient-care

60.     The programmable reporter element is further programmed to provide a signal to the functionally related signal producing element to inform a user of the device of the at least one particular event relating to the subject. For example, information is provided about

hospitalizations, prescriptions, etc., so that the user of the device, e.g., practitioner, is informed

of the at least one particular event relating to the subject. On information and belief, the

particular event is also stored on a second system in the HIE.



https://www.himss.org/library/health-information-exchange/improving-patient-care

      61.    A plan for medical care is developed by the practitioner based on at least one

particular event, e.g., a hospitalization, prescription, or medical event, of the subject.



https://www.himss.org/library/health-information-exchange/improving-patient-care

62.     On information and belief, the portable devices, e.g., tablets, used with the HIE

system are solid state devices.



https://www.himss.org/library/health-information-exchange/improving-patient-care

63.     The information is displayed on the tablet in an integrated display.



https://www.himss.org/library/health-information-exchange/improving-patient-care

64.     The portable device, e.g., the tablet is used by a medical practitioner who receives

the medical biographical information, such as at the medical practitioner's office. By way of

example, the medical biographical information received may be a medical condition or a

hospitalization.



https://www.himss.org/library/health-information-exchange/improving-patient-care

65.     The care is at a medical facility, such as a health care clinic.



https://www.himss.org/library/health-information-exchange/improving-patient-care

66.     The user is a medical professional, such as a doctor.



https://www.himss.org/library/health-information-exchange/improving-patient-care

67.     The HIE system assists practitioners in identifying and providing appropriate care

of a subject using a portable device, such as a tablet.



https://www.himss.org/library/health-information-exchange/improving-patient-care

68.    Collected medical biographical information, which includes the medical history of the subject, is stored in a database.  By way of example, the medical history may include a medical condition or a hospitalization.





https://www.himss.org/library/health-information-exchange/improving-patient-care

69.     The method also permits adding the medical biographical information in a readable code of a portable device, such as a tablet. For example, the animation below shows that information about medical conditions or recent hospitalizations. The device, e.g., the tablet is not linked to a medical sensor.





https://www.himss.org/library/health-information-exchange/improving-patient-care

70.    The medical biographical information is displayed, such as on the tablet.





https://www.himss.org/library/health-information-exchange/improving-patient-care

71.     A programmable reporter element, such as a graphical user interface on the tablet, is programmed to electronically store at least one particular event relating to the subject. The tablet also has a signal producing element that is functionally connected to the programmable reporter element and is part of the table. By way of example, the one particular event may be a medical condition or a hospitalization.





https://www.himss.org/library/health-information-exchange/improving-patient-care

72.     The programmable reporter element is further programmed to provide a signal to the functionally related signal producing element to inform a user of the device of the at least one particular event relating to the subject. For example, information is provided about hospitalizations, prescriptions, etc., so that the user of the device, e.g., a medical practitioner, is informed of the at least one particular event relating to the subject. On information and belief, the particular event is also stored on a second system in the HIE.



https://www.himss.org/library/health-information-exchange/improving-patient-care

73.     The plan for medical care is developed by the practitioner based on at least one

particular event, e.g., a hospitalization, prescription, or medical event, of the subject.



https://www.himss.org/library/health-information-exchange/improving-patient-care

74.     On information and belief, the portable devices, e.g., tablets, used with the HIE

system are solid state devices.



https://www.himss.org/library/health-information-exchange/improving-patient-care

75.    The user is at a medical professional, such as a doctor.



https://www.himss.org/library/health-information-exchange/improving-patient-care

76.    As shown in paragraphs 55-75 above, the HIE contains all of the elements of at

least claims 1-4 and 8-12 of the '451 patent.


**INFRINGEMENT OF THE '131 PATENT BY DEFENDANTS**

77.     The HIE system provides a method that assists practitioners in identifying and providing appropriate care, where the method first involves collecting medical biographical information about the subject. The medical biographical information includes, among other things, the patient's name, age and date of birth.



https://www.himss.org/library/health-information-exchange/improving-patient-care

78.     The collected medical biographical information, which includes the medical history of the subject, is stored in a first database.  By way of example, the medical history may include a medical condition or a hospitalization.





https://www.himss.org/library/health-information-exchange/improving-patient-care

79.     A programmable reporter element, such as a graphical user interface on the tablet, is programmed to electronically store at least a first event relating to the subject. The programmable reporter element belongs to a first system. By way of example, the one particular event may be a medical condition or a hospitalization.





https://www.himss.org/library/health-information-exchange/improving-patient-care

80.     The tablet has a signal producing element that functionally relates to the programmable reporter element. The signal producing element belongs to the first system.



https://www.himss.org/library/health-information-exchange/improving-patient-care

81.     The programmable reporter element is further programmed to provide a signal to the functionally linked signal producing element to inform a user of a second event relating to

the subject. For example, information is provided about hospitalizations, prescriptions, etc., so that the user of the device, e.g., a medical practitioner, is informed of the at least one particular event relating to the subject.



https://www.himss.org/library/health-information-exchange/improving-patient-care

82.     The second event relating to the subject is electrically stored by a second system, e.g., the HIE system.



https://www.himss.org/library/health-information-exchange/improving-patient-care

83.     A plan for medical care for the subject is developed based on the first and second

events relating to the subject.



https://www.himss.org/library/health-information-exchange/improving-patient-care

84.     The signal producing element is a portable device, i.e., a tablet.



https://www.himss.org/library/health-information-exchange/improving-patient-care

85.     The user is a medical professional, such as a doctor.



https://www.himss.org/library/health-information-exchange/improving-patient-care

86. As shown in paragraphs 77-85 above, the HIE contains all of the elements of at least claims 1, 2 and 6 of the '131 patent.

## COUNT I

## (INFRINGEMENT OF U.S. PATENT NO. 10,186,330)

87. Plaintiff incorporates paragraphs 1 through 86 herein by reference.

88. This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271, *et seq*.

89. Plaintiff is the owner by assignment of all right, title and interest in the '330 patent, include all right to enforce, sue and recover damages for past and future infringement. A copy of the '330 Patent is attached as Exhibit A.

90. The '330 Patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

## DIRECT INFRINGEMENT (35 U.S.C. § 271(a))

91. Plaintiff incorporates paragraphs 1 through 90 herein by reference.

92.     One or more Defendants have, and continue to, directly infringe one or more claims of the '330 Patent in this judicial district, and elsewhere in the United States.

93.     Defendants are liable for these infringements of the '330 Patent pursuant to 35 U.S.C. § 271.

94.     Defendants have had knowledge of infringement of the '330 Patent since at least March 15, 2019, or will have knowledge of infringement of the '330 Patent no later than the service of this Complaint. Defendants' infringement of the '330 Patent is thus knowing and intentional.

95.     In particular, one or more Defendants have, and continues to, infringe at least claims 1-8, 10, and 16 of the '330 Patent by, among other things, making, using, selling, offering for sale or offering for the use by others, the HIE.

96.     Defendants do not have a license or authorization to use any product or system covered by the claims of the '330 Patent.

97.     As a direct and proximate result of Defendants' direct infringement of the '330 Patent, Plaintiff has been and continues to be damaged.

98.     By engaging in the conduct described herein, Defendants have injured Plaintiff and are thus liable for direct infringement of the '330 Patent, pursuant to 35 U.S.C. § 271(a).

99.     As a result of Defendants' infringement of the '330 Patent, Plaintiff has suffered monetary damages and is entitled to a monetary judgment in an amount adequate to compensate for Defendants' past infringement, together with interests and costs.

100.    If infringement of the '330 Patent by Defendants is not enjoined, Plaintiff will suffer substantial and irreparable harm now and in the future for which there is no adequate remedy at law.

## INDIRECT INFRINGEMENT (INDUCEMENT - 35 U.S.C. § 271(b))

101.    Each of the preceding paragraphs 1 through 100 are realleged and incorporated as if fully set forth.

102.    In violation of at least 35 U.S.C. §§ 271, Defendants are now, and have been indirectly infringing the '330 Patent.

103.    Defendants have indirectly infringed and continue to indirectly infringe at least claims 1-8, 10 and 16 of the '330 Patent by actively inducing and/or contributing to its respective customers, users, and/or licensees to directly infringe by providing and using the HIE. Defendants engaged or will have engaged in such indirect infringement having knowledge of the '330 Patent. Defendants also knew or should have known that their actions would result in direct infringement by others and intended that their actions would result in direct infringement by others. For example, Defendants sell, offer to sell, and encourage the use of the HIE.

104.    Furthermore, Defendants' use of the HIE is facilitated by the use of the system described and claimed in the '330 Patent. As a direct and proximate result of Defendants' indirect infringement of the '330 Patent, Plaintiff has been and continues to be damaged.

105.    Defendants and its customers, licensees, or users do not have a license to the '330 Patent and are not authorized to use the '330 Patent.

106.    Defendant have had knowledge of infringement of the '330 Patent since at least March 15, 2019, or will have knowledge of infringement of the '330 Patent no later than the service of this Complaint. Defendants' indirect infringement of the '330 Patent is thus knowing and intentional.

107.    As a result of Defendants' indirect infringement of the '330 Patent, Plaintiff has suffered monetary damages and is entitled to a monetary judgment in an amount adequate to compensate for Defendants' past infringement, together with interests and costs.

108.    If Defendants' direct and indirect infringement of the '330 Patent is not enjoined, Plaintiff will suffer substantial and irreparable harm now and in the future for which there is no adequate remedy at law.

## COUNT II

## (INFRINGEMENT OF U.S. PATENT NO. 10,269,451)

109.    Plaintiff incorporates paragraphs 1 through 108 herein by reference.

110.    This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271, *et seq*.

111.    Plaintiff is the owner by assignment of all right, title and interest in the '451 Patent, include all right to enforce, sue and recover damages for past and future infringement. A copy of the '451 Patent is attached as Exhibit B.

112.    The '451 Patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

## DIRECT INFRINGEMENT (35 U.S.C. § 271(a))

113.    Plaintiff incorporates paragraphs 1 through 112 herein by reference.

114.    One or more Defendants have, and continue to, directly infringe one or more claims of the '451 Patent in this judicial district, and elsewhere in the United States.

115.    Defendants are liable for these infringements of the '451 Patent pursuant to 35 U.S.C. § 271.

116.    Defendants have had knowledge of infringement of the '451 Patent since at least no later than the service of this Complaint. Defendants' infringement of the '451 Patent will thus be knowing and intentional.

117.    In particular, one or more Defendants have, and continues to, infringe at least claims 1-4 and 8-12 of the '451 Patent by, among other things, making, using, selling, offering for sale or offering for the use by others, the HIE.

118.    Defendants do not have a license or authorization to use any product or system covered by the claims of the '451 Patent.

119.    As a direct and proximate result of Defendants' direct infringement of the '451 Patent, Plaintiff has been and continues to be damaged.

120.    By engaging in the conduct described herein, Defendants have injured Plaintiff and are thus liable for direct infringement of the '451 Patent, pursuant to 35 U.S.C. § 271(a).

121.    As a result of Defendants' infringement of the '451 Patent, Plaintiff has suffered monetary damages and is entitled to a monetary judgment in an amount adequate to compensate for Defendants' past infringement, together with interests and costs.

122.    If infringement of the '451 Patent by Defendants is not enjoined, Plaintiff will suffer substantial and irreparable harm now and in the future for which there is no adequate remedy at law.

## INDIRECT INFRINGEMENT (INDUCEMENT - 35 U.S.C. § 271(b))

123.    Each of the preceding paragraphs 1 through 122 are realleged and incorporated as if fully set forth.

124.    In violation of at least 35 U.S.C. §§ 271, Defendants are now, and have been indirectly infringing the '451 Patent.

125.     Defendants have indirectly infringed and continue to indirectly infringe at least claims 1-4 and 8-12 of the '451 Patent by actively inducing and/or contributing to its respective customers, users, and/or licensees to directly infringe by providing and using the HIE. Defendants engaged or will have engaged in such indirect infringement having knowledge of the '451 Patent. Defendants also knew or should have known that their actions would result in direct infringement by others and intended that their actions would result in direct infringement by others. For example, Defendants sell, offer to sell, and encourage the use of the HIE.

126.     Furthermore, Defendants' use of the HIE is facilitated by the use of the system described and claimed in the '451 Patent. As a direct and proximate result of Defendants' indirect infringement of the '451 Patent, Plaintiff has been and continues to be damaged.

127.     Defendants and its customers, licensees, and users do not have a license to the '451 Patent and are not authorized to use the '451 Patent.

128.     Defendants have had knowledge of their infringement of the '451 Patent since at least no later than the service of this Complaint. Defendants' indirect infringement of the '451 Patent will thus be knowing and intentional.

129.     As a result of Defendants' indirect infringement of the '451 Patent, Plaintiff has suffered monetary damages and is entitled to a monetary judgment in an amount adequate to compensate for Defendants' past infringement, together with interests and costs.

130.     If Defendants' direct and indirect infringement of the '451 Patent is not enjoined, Plaintiff will suffer substantial and irreparable harm now and in the future for which there is no adequate remedy at law.

## COUNT III

## (INFRINGEMENT OF U.S. PATENT NO. 10,418,131)

131.    Plaintiff incorporates paragraphs 1 through 130 herein by reference.

132.    This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271, *et seq.*

133.    Plaintiff is the owner by assignment of all right, title and interest in the '131 Patent, include all right to enforce, sue and recover damages for past and future infringement. A copy of the '131 Patent is attached as Exhibit C.

134.    The '131 Patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

## DIRECT INFRINGEMENT (35 U.S.C. § 271(a))

135.    Plaintiff incorporates paragraphs 1 through 134 herein by reference.

136.    One or more Defendants have, and continue to, directly infringe one or more claims of the '131 Patent in this judicial district, and elsewhere in the United States.

137.    Defendants are liable for these infringements of the '131 Patent pursuant to 35 U.S.C. § 271.

138.    Defendants have had knowledge of infringement of the '131 Patent since at least no later than the service of this Complaint. Defendants' infringement of the '131 Patent will thus be knowing and intentional.

139.    In particular, one or more Defendants have, and continues to, infringe at least claims 1, 2 and 6 of the '131 Patent by, among other things, making, using, selling, offering for sale or offering for the use by others, the HIE.

140.     Defendants do not have a license or authorization to use any product or system covered by the claims of the '131 Patent.

141.     As a direct and proximate result of Defendants' direct infringement of the '131 Patent, Plaintiff has been and continues to be damaged.

142.     By engaging in the conduct described herein, Defendants have injured Plaintiff and are thus liable for direct infringement of the '131 Patent, pursuant to 35 U.S.C. § 271(a).

143.     As a result of Defendants' infringement of the '131 Patent, Plaintiff has suffered monetary damages and is entitled to a monetary judgment in an amount adequate to compensate for Defendants' past infringement, together with interests and costs.

144.     If infringement of the '131 Patent by Defendants is not enjoined, Plaintiff will suffer substantial and irreparable harm now and in the future for which there is no adequate remedy at law.

**INDIRECT INFRINGEMENT (INDUCEMENT - 35 U.S.C. § 271(b))**

145.     Each of the preceding paragraphs 1 through 144 are realleged and incorporated as if fully set forth.

146.     In violation of at least 35 U.S.C. §§ 271, Defendants are now, and have been indirectly infringing the '131 Patent.

147.     Defendants have indirectly infringed and continue to indirectly infringe at least claims 1, 2 and 6 of the '131 Patent by actively inducing and/or contributing to its respective customers, users, and/or licensees to directly infringe by providing and using the HIE. Defendants engaged or will have engaged in such indirect infringement having knowledge of the '131 Patent. Defendants also knew or should have known that their actions would result in direct

infringement by others and intended that their actions would result in direct infringement by others. For example, Defendants sell, offer to sell, and encourage the use of the HIE.

148.    Furthermore, Defendants' use of the HIE is facilitated by the use of the system described and claimed in the '131 Patent. As a direct and proximate result of Defendants' indirect infringement of the '131 Patent, Plaintiff has been and continues to be damaged.

149.    Defendants and its customers, licensees, and users do not have a license to the '131 Patent and are not authorized to use the '131 Patent.

150.    Defendants have had knowledge of their infringement of the '131 Patent since at least no later than the service of this Complaint. Defendants' induced infringement of the '131 Patent will thus be knowing and intentional.

151.    As a result of Defendants' indirect infringement of the '131 Patent, Plaintiff has suffered monetary damages and is entitled to a monetary judgment in an amount adequate to compensate for Defendants' past infringement, together with interests and costs.

152.    If Defendants' direct and indirect infringement of the '131 Patent is not enjoined, Plaintiff will suffer substantial and irreparable harm now and in the future for which there is no adequate remedy at law.

## COUNT IV

## (WILLFUL INFRINGEMENT)

153.    Plaintiff incorporates paragraphs 1 through 152 herein by reference.

154.    Defendants have had knowledge of the '330 Patent and its priority from the parent since at least receipt of Plaintiff's March 15, 2019, letter putting Defendant D.C. Government on notice of its infringement.

155.     In addition, on April 15, 2019, Plaintiff's sent a follow up letter regarding the '330 Patent.

156.     On May 31, 2019, Plaintiff sent Defendant DC Government a claim chart detailing Defendant's infringement of the '330 Patent.

157.     To date, despite corresponding with Plaintiff on numerous occasions, Defendant DC Government has failed to identify a non-infringement or invalidity position or any other position or argument that the '330 patent is invalid, unenforceable or not infringed.

158.     Despite being aware of the '330 Patent and its infringement of the '330 Patent, Defendants have not changed or otherwise altered the HIE in an effort to avoid infringement of the '330 Patent.

159.     Rather, despite having knowledge of the '330 Patent, Defendants have and continue to infringe the '330 Patent in complete disregard of Plaintiff's rights.

160.     Defendants have had knowledge of the '451 patent since at least the service of this Complaint.

161.     Defendants have had knowledge of the '131 patent since at least the service of this Complaint.

162.     Defendants' actions in this regarding are reckless and/or egregious.

163.     Defendants continue to willfully, wantonly and deliberately engage in acts of infringement of the Asserted Patents, justifying a finding of willful infringement and an award to Plaintiff of increased damages under 35 U.S.C. § 284, and attorney's fees and costs incurred under 35 U.S.C. § 285.

## JURY DEMAND

164.     Plaintiff requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff asks that the Court find in its favor and against Defendants and that the Court grant Plaintiff the following relief:

A.     That Defendants be adjudged to have infringed each of the Asserted Patents directly, literally and/or under the doctrine of equivalents;

B.     An order permanently enjoining Defendants, their affiliates, subsidiaries, and each of its officers, agents, servants and employees, and those acting in privity or concert with it, from making, using, offering to sell, or selling in the United States, or importing into the United States, the HIE, any component of the HIE that constitutes a material part of the claimed invention, or any product that infringes the Asserted Patents until after the expiration date of the Asserted Patents, including any extensions and/or additional periods of exclusivity to which Plaintiff is, or becomes, entitled;

C.     An award of damages pursuant to 35 U.S.C. §284 sufficient to compensate Plaintiff for the Defendants' past infringement and any continuing or future infringement up until the date that Defendants are finally and permanently enjoined from further infringement, including compensatory damages;

D.     An assessment of pre-judgment and post-judgment interest and costs against Defendants, together with an award of such interest, expert fees, and costs incurred during this litigation, in accordance with 35 U.S.C. §284;

E.      That Defendants' infringement after notice of the Asserted Patents is intentional

and knowing infringement and an assessment of three times the damages found for infringement

after such notice, in accordance with 35 U.S.C. §284;

F.      That Defendants be directed to pay enhanced damages, including Plaintiff's

attorneys' fees incurred during this litigation pursuant to 35 U.S.C. §285; and

G.      Such further relief as this Court deems proper and just, including but not limited

to any appropriate relief under Title 35.


Dated: November 1, 2019                              Respectfully submitted,


                                                     */s/ Jonathan D. Link*                     ___
                                                     Jonathan D. Link, Esq.
                                                     (DC Bar No. 463141)
                                                     Morris, Manning & Martin, LLP
                                                     1401 Eye Street, N.W.
                                                     Suite 600
                                                     Washington, D.C. 20005
                                                     Tel: (202) 971-4253
                                                     jlink@mmmlaw.com

                                                     *Counsel for Plaintiff Solomon Systems, Inc.*